UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GLYNDA DAVIS,
Individually and on behalf of a class,

                                                                          17-cv- 927

                     Plaintiff,

                     - against -

MCCARTHY, BURGESS & WOLFF, INC.,

                     Defendants.
------------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant McCarthy, Burgess & Wolff, Inc. ("MB&W"). Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information.

2. The FDCPA regulates the behavior or collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress

enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) – (e).

3. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

4. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f(1) – (8). Among these *per se* violations prohibited by that section are: collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

5. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, actual damages, punitive damages, injunctive relief, declaratory relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

7. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

8. Plaintiff, Glynda Davis ("Davis"), is an individual resident of the State of New York, residing in the County of New York. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

9. Defendant, MB&W, is an Ohio Foreign Business Corporation with a principal place of business located at 26000 Cannon Road, Cleveland, OH 44146. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

10. Sometime prior to June, 2016, Davis allegedly incurred a financial obligation to Verizon (the "Verizon Obligation").

11. The Verizon Obligation arose out of a transaction in which the money or services which are the subject of the transaction are primarily for personal, family, or household purposes.

12. Sometime prior to February, 2016, Davis allegedly defaulted on the Verizon Obligation.

13. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to June 28, 2016, the current creditor of the Verizon Obligation either directly or through intermediate transactions assigned, placed, or transferred the debt to MB&W for collection.

14. MB&W is a debt collector that collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

15. MB&W is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

16. MB&W contends that the Verizon Obligation is in default.

17. The alleged Verizon Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

18. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19. On or about June 28, 2016, Plaintiff was mailed the collection letter attached as Exhibit A (the "06/28/16 Letter"). Plaintiff received it in the ordinary course of mail.

20. The 06/28/16 Letter sought to collect a debt incurred for personal, family or household use and not for business purposes.

21. The 06/28/16 Letter is, on information and belief, a form letter.

22. The 06/28/16 Letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

23. The 06/28/16 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

24. The 06/28/16 Letter, upon information and belief, is a mass-produced, computer-generated, form letter that is prepared by the Defendants and sent to consumers in the State of New York, such as Plaintiff, from whom they are attempting to collect a debt.

25. The 06/28/16 Letter states as follows:

*Amount:*     *$2,492.06*

| | |
|---|---|
| *Charge Off balance:* | *$2,492.06* |
| *Interest accrued since charge off:* | *$0.00* |
| *Fees and other charges since charge off:* | *$222.37* |

26. The sought recovery of $222.37 in Fees and other charges since charge off (the "Fee and Other Charges") is not defined in the 06/28/16 Letter and may represent a number of things, such as late fee, penalty, collection fee, amongst others.

27. The Fee and Other Charges is not expressly authorized by the agreement creating the debt and is not permitted by law.

28. The 06/28/16 Letter states that Plaintiff owes to Defendant's client a principal amount of $2,492.06 which may or may not be inclusive of the Fees and other charges since charge off in the amount of $222.37.

29. While the captioned amount states "Amount: $2,492.06" and the Remit Section states "TOTAL DUE $2,492.06", the Validation Notice makes it unclear whether the Fees and Other Charges are included in the $2,492.06 or whether it is something that will be added to the TOTAL DUE.

30. Furthermore, the 06/28/16 Letter does not disclose that the balance may increase due to fees and other charges.

31. Plaintiff believes from reading the collection letter that the Total Due was static and that payment of the Total Due would satisfy the debt no matter when the payment was made, when in fact, the Total Due continues to Fees and Other Charges.

32. Debt collectors transacting business in the Second Circuit are bound to disclose that the balance may increase due to interest and fees. See *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, (2d Cir. 1016).

33. Defendant's actions as described herein violate 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f(1), and 1692g.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

34. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 33 of this Complaint as though set forth at length herein.

35. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

36. Section 1692e states that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section:

(2) the false representation of—
    (A) the character, amount or legal status of any debt

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37. Section 1692f(1) states that:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

6

38. That Defendant's attempt to recover undisclosed and unauthorized Fee and Other Charges is improper.

39. That the Fee and Other Charges is a fee charged and collected by Defendants.

40. That the Fee and Other Charges is not expressly authorized by any agreement that Plaintiff has with the original creditor.

41. That the Fee and Other Charges is not permitted by any applicable law.

42. That, as and for an alternative, Defendant retains all or a portion of the Fee and Other Charges.

43. That Defendant's retention of all or a portion of the Fee and Other Charges is not expressly authorized by any agreement that plaintiff has with the original creditor.

44. That Defendant's retention of all or a portion of the Fee and Other Charges is not permitted by any applicable law.

45. That Defendant's statement in the 06/28/16 Letter regarding the Fee and Other Charges is an attempt to collect an amount which is not permitted by the FDCPA, § 1692f(1).

46. That Defendant's statement in the 06/28/16 Letter regarding the Fee and Other Charges constitutes an unfair and unconscionable means used by defendant in its attempt to collect a debt, in violation of the FDCPA, including but not limited to § 1692f.

47. That further, Defendant's statement in its collection letter regarding the Fee and Other Charges also falsely represents the compensation which may be lawfully received by Defendant for the collection of the debt, in violation of the FDCPA, including but not limited to Section 1692e(2)(B).

48. That further, Defendant's statement in the 06/28/16 Letter regarding the Fee and Other Charges constitutes a false, deceptive and misleading representation or means used by Defendant in connection with the collection of a debt, in violation of the FDCPA Sections 1692e and 1692e(10).

49. That further, Defendant's statement in the 06/28/16 Letter regarding the Fee and Other Charges is a threat to take an action that cannot be legally taken, viz., to add a fee that is not authorized by any law or by the agreement between Plaintiff and the original creditor which created the alleged debt, and is therefore a violation of the FDCPA, Section 1692e(5).

50. Defendant used false representation and deceptive means to attempt to collect interest without evidencing the basis for added interest in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f(1).

**SECOND CAUSE OF ACTION**
(Violations of the FDCPA)

51. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 50 of this Complaint as though set forth at length herein.

52. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

53. Section 1692e(2) states that:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section:**

**(2) The false representation of –
(A) the character, amount, or legal status of any debt.**

54. Plaintiff read the 06/28/16 Letter and believed that by paying the Total Due

8

she is paying his entire debt in full when in fact, Fees and Other Charges are accruing and undisclosed fees may be added.

55. That by paying the Total Due, Plaintiff does not know whether the debt has been paid in full.

56. That the Defendant could still seek to collect additional Fees and Other Charges that have accrued between the date that the 06/28/16 Letter was mailed and the date that payment of the balance was made.

57. The FDCPA requires that debt collectors disclose to consumers that the balance due may increase due to interest and fees when they notify consumers of their balance.

58. The 06/28/16 Letter makes no disclosure that the Total Due may increase due to interest and fees.

59. Defendant used false representation of the character, amount, and legal status of the debt in connection with the collection of the debt in violation of 15 U.S.C. §§ 1692e and 1692e(2).

**FIRST CAUSE OF ACTION**
(Violation of 15 U.S.C. § 1692g(a)

60. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 59 of this Complaint as though set forth at length herein.

61. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

62. Pursuant to 15 U.S.C. § 1692g(a), the Defendant must provide the Plaintiff with the following mandatory statutory Validation of Debt language:

9

**(a) NOTICE OF DEBT; CONTENTS** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

**(1)** the amount of the debt

63. Defendant's 06/28/16 Letter confuses and misleads the plaintiff as to the amount of the debt.

64. It states that both, the "Charge off balance" and the "TOTAL DUE" are $2,492.06, while stating that there are "Fees and other charges since charge off" in the amount of $222.37. It is unclear from the 06/28/16 Letter whether the TOTAL DUE is inclusive or exclusive of the $222.37.

65. Defendant used false representation of the character, amount, and legal status of the debt in connection with the collection of the debt in violation of 15 U.S.C. §§ 1692e and 1692g.

## CLASS ALLEGATIONS

66. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

67. The class consists of (a) all natural persons (b) who were sent a letter as Exhibit A (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

68. The class is so numerous that joinder is impracticable.

69. On information and belief, there are more than 50 natural persons who were sent letters similar to Exhibit A on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

70. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a. whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692e(2), 1692f(1), and 1692g(a);

    b. Whether Plaintiff and the Class have been injured by the defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory relief.

71. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

72. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

73. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendants as follows:

a) Statutory damages;

b) Attorney's fees, litigation expenses and costs of suit;

c) Declaratory relief finding the collection letter violates the FDCPA; and

d) For such other and further relief which this court deems just and proper.

Dated: Brooklyn, New York
February 7, 2017

                                                SHAKED & POSNER
                                                Attorneys for Plaintiff
                                                By: _____
                                                Dan Shaked (DS-3331)
                                                44 Court St., Suite 1217
                                                Brooklyn, NY 11201
                                                Tel. (917) 373-9128
                                                Fax (718) 704-7555
                                                e-mail: ShakedLawGroup@Gmail.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

_____
Dan Shaked (DS-3331)